# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40305** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Michael A. PORTILLOS** | ) | |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 28 September 2021 and 14 March 2022, Appellant was tried by a general court-martial at Aviano Air Force Base, Italy. In accordance with his pleas, and pursuant to a plea agreement, a military judge found Appellant guilty of one charge and four specifications of assault consummated by a battery upon his spouse, in violation of Article 128, Uniform Code of Military Justice (UCMJ).[*] A military judge sentenced Appellant to a bad-conduct discharge, confinement for 12 months, reduction to the grade of E-1, and a reprimand.

On 14 April 2023, Appellant submitted a brief in which he argues that he is entitled to new post-trial processing because the convening authority (1) decided on action nine days after the announcement of sentence and before the Defense submitted matters in clemency pursuant to Rule for Courts-Martial (R.C.M.) 1106, and (2) decided on action and deferment requests before Appellant's time to rebut the victim submission of matters had expired.

On 15 May 2023, the Government submitted their answer to Appellant's brief, and stated that Appellant was not prejudiced when the convening authority issued his decision on action before Appellant's time to submit clemency or rebuttal had run.

Within ten days of an announced sentence in a general court-martial, the accused may submit matters to the convening authority for consideration under R.C.M. 1109 or 1110. *See* R.C.M. 1106(a), R.C.M. 1106(d)(1). Crime victims may also submit matters within ten days. R.C.M. 1106A(a). If a crime victim submits matters under R.C.M. 1106A, the accused shall have five days from receipt of those matters to submit any matters in rebuttal. R.C.M. 1106(d)(3).

---

[*] All references in this order to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

"The convening authority shall ensure any matters submitted by a crime victim under this subsection be provided to the accused as soon as practicable." R.C.M. 1106A(c)(3). "Before taking or declining to take any action on the sentence [in clemency], the convening authority shall consider matters timely submitted under R.C.M. 1106 and 1106A, if any, by the accused and any crime victim." R.C.M. 1109(d)(3)(A). In making a clemency decision, a convening authority "may not consider matters adverse to the accused without providing the accused an opportunity to respond." R.C.M. 1106A(c)(2)(B), Discussion.

On 14 March 2022, the victim and the Appellant were provided notice of their opportunities to submit matters for the convening authority's consideration before he decided what, if any, action to take on Appellant's case. Matters were due to the convening authority not later than 24 March 2022. Appellant was notified that, in addition to submitting matters in clemency, he could also "submit an application . . . to defer any forfeitures of pay or allowances, reduction in grade, or service of a sentence to confinement" and request waiver of "any forfeitures of pay and allowances under Article 58b, UCMJ," for the benefit of his dependents. The victim provided matters the same day.

On 16 March 2022, Appellant requested deferment of his rank reduction and automatic forfeitures, and waiver of automatic forfeitures. On 21 March 2022, Appellant's trial defense counsel were provided a copy of the victim submission of matters. On 23 March 2022, the convening authority granted deferment of the rank reduction and waived the automatic forfeitures. He denied Appellant's request for deferment of the automatic forfeitures as moot and took no action on the findings or sentence.

Here, the court-martial sentenced Appellant on 14 March 2022, and the convening authority decided on action nine days later on 23 March 2022. This early decision on action denied Appellant his opportunity to timely submit matters in clemency. The convening authority also erred by deciding on action three days before Appellant's five-day window to rebut the victim matters had tolled.

Additionally, while Appellant has not raised the issue, we find the record of trial is substantially incomplete because it does not include one of three discs capturing victim's interview with the Air Force Office of Special Investigations, an attachment to Appellate Exhibit IX. This interview is labeled, 1027202017544. "The record of trial contains the court-martial proceedings, and includes any evidence or exhibits considered by the court-martial in determining the findings or sentence." R.C.M. 1112(b). The record shall include *inter alia* "any appellate exhibits." R.C.M. 1112(b)(6).

> If a record is incomplete or defective a court reporter or any party may raise the matter to the military judge for appropriate corrective action. A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate. A superior competent authority may return a record of trial to the military judge for correction under this rule.

R.C.M. 1112(d)(2).

Consequently, we return the record to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d), to address the missing disc, Attachment 3 to Appellate Exhibit IX, and to resolve a substantial issue with the post-trial processing.

Accordingly, it is by the court on this 1st day of August, 2023,

**ORDERED:**

The record of trial in Appellant's case is returned to the Chief Trial Judge, Air Force Trial Judiciary. Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding. *See* JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority for new post-trial processing consistent with this order, specifically serving Appellant with victim matters submitted under R.C.M. 1106A and affording Appellant the opportunity to respond to such matters pursuant to R.C.M. 1106(d)(3) and affording Appellant a full ten days to submit matters in clemency before the convening authority makes a decision on any deferment or clemency requests by Appellant;

(2) Conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions;

(3) Correct or modify the entry of judgment; and

(4) Correct the record of trial to account for the missing attachment to Appellate Exhibit IX, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3).

Thereafter, the record of trial will be returned to this court for completion

of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court